MADDOX, Justice.
This appeal arises from a quo warranto action in which the complainant, Milton R. Bethune, questioned the right of Rev. John S. Nettles to continue as a member of the Board of Pardons and Paroles (the “Board”). For the reasons discussed below, this appeal is due to be dismissed as moot.

Facts and Procedural History

The factual history of this matter is somewhat complicated, but the following facts appear to be undisputed. In July 1989, Governor Guy Hunt appointed Rev. John Nettles to a seat on the Board and the Senate confirmed the Governor’s appointment. Rev. Nettles’s six-year term expired on June 30, 1995; however, Fob James, who was then serving as Governor, did not immediately make an appointment to that seat. As a consequence, Rev. Nettles continued serving as a “holdover” member of the Board until August 7, 1997, when Governor James appointed Milton R. Bethune to the seat. The Senate was not then in session, and, accordingly, Bethune took office as an ad interim member of the Board, under the provisions of § 15-22-20, Ala. Code 1975.[1]
*852 On August 13, 1997, Nettles filed an action in the Montgomery County Circuit Court, seeking declaratory and injunctive relief, challenging the validity of Bethune’s August 7 ad interim appointment. The circuit court dismissed Nettles’s complaint, and this Court, on April 17, 1998, affirmed that dismissal, without opinion. Nettles v. James, 738 So.2d 492 (Ala.1998) (table).
The selection of members of the Board is governed by § 15-22-20, Ala.Code 1975, a portion of which is quoted in footnote 1. Subsection (b) of that Code section establishes a nominating board consisting of the Chief Justice of the Supreme Court, the Presiding Judge of the Court of Criminal Appeals, and the Lieutenant Governor. The purpose of that nominating board is to consider candidates for the Board of Pardons and Paroles and to submit a list of three qualified candidates to the Governor for his consideration. The statute requires that the Governor, upon receiving that list, make an appointment from that list within 10 days. Apparently, there was some question whether the Governor’s August 7 appointment of Bethune was made within that 10-day period. Accordingly, the nominating board resubmitted a list of three names to the Governor; this list included the name of Bethune, and the Governor nominated Bethune for a second time on August 20,1997.
When the Governor resubmitted Bethune’s appointment on August 20, the Senate was meeting in special session. Although the Senate Confirmation Committee unanimously approved the appointment, the Senate adjourned sine die on September 15,1997, without the full body’s taking any action on the appointment.
Gregory 0. Griffin, Sr., general counsel for the Board, wrote Bethune a letter, which appears to be dated September 5, 1997, thanking Bethune for his service as an ad interim member and requesting that he turn over all Board property and vacate his office. Bethune did so.
When Bethune relinquished his seat, Nettles returned to the Board and resumed working on September 8, 1997, as a “holdover” member of the Board. Apparently, that action was what prompted Bethune to file the action that this Court now has on appeal. In the first count of his complaint, Bethune sought a writ of quo warranto, challenging Nettles’s right to continue serving on the Board. In the second count of his complaint, Bethune sought an injunction barring Nettles from exercising the powers of a member of the Board. Nettles answered but did not file a counterclaim.
The circuit court, after conducting an ore tenus hearing, entered a final order on April 28, 1998, holding that Nettles’s continued service on the Board was valid, and denying Bethune’s petition for a writ of quo warranto. The court also specifically held that Bethune’s August 20 appointment was null and void, noting that the validity of Bethune’s August 7 appointment was not before the court.
At some point after the circuit- court had entered its final order, Governor James appointed another ad interim member, James Littleton, to the seat in question. At that point, Nettles relinquished the seat he had claimed as a purported “holdover” member. Littleton subsequently resigned from his position as an ad interim member of the Board, and the nominating board then met and submitted three names to Governor Don Siegelman, who had succeeded Governor James. Governor Siegel-man then appointed Johnnie Johnson, and *853 the Senate confirmed that appointment within the time specified by statute.
Bethune appeals.

Discussion

Based on Bethune’s complaint, we think it apparent that he was challenging the right of Nettles to exercise the powers and responsibilities of a member of the Board. This seems apparent because he specifically asked the court to hold that Nettles was not legally exercising the powers of a member of the Board of Pardons and Paroles. Nettles prevailed in the circuit court; that court declared that his continued service on the Board was valid, and Bethune appealed.
Since then, however, Nettles has relinquished his seat on the Board and the seat has been filled by Governor Siegelman’s appointee, Johnson, who, from what is before us, appears to have been validly nominated, appointed, and confirmed.
Apparently, Nettles makes no further claim to the seat. He has not filed a brief with this Court, and the only brief that has been filed here to challenge the appeal is a brief filed by the Board, as amicus curiae, in which the Board urges this Court to dismiss this appeal as moot. In its brief, the Board represents that:
“Mr. Nettles has so little stake in the outcome of this appeal that he has indicated to his counsel that he does not intend to defend the judgment on appeal. It simply will not affect his interests to win this case, and he sees no point in spending more money on a moot controversy.”
The Board argues that there is presently no justiciable controversy for this Court to decide, pointing out that whether this Court affirmed or reversed the judgment of the trial court, this Court’s ruling would have no legal effect on Johnson’s status as a member of the Board. The Board further argues that neither affirming nor reversing the judgment would have any effect on Nettles’s rights, because he has relinquished his seat and has been replaced by Johnson. The Board concludes:
“However convenient it might be to grant advisory opinions, this appeal arose from a live controversy which subsequently died a natural death. It is well settled that courts don’t decide abstract questions which no longer affect the rights of the parties before the court, even if that would be convenient for other parties in the future to govern their affairs. Hornsby v. Sessions, 703 So.2d 932 (Ala.1997).”
Replying to the Board’s argument that this appeal should be dismissed as moot, Bethune states that if this Court allows the order of the circuit court to stand, his right to be appointed to the Board in the future will be adversely affected. He bases this argument on the fact that § 15-22-20(b), Ala.Code 1975, provides:
“In the event the Senate fails or refuses to act on the appointment within five legislative days after its submission, the appointment shall be void, and the person whose name was thus submitted shall not thereafter be reappointed.”
He argues, therefore, that even though Nettles no longer wishes to participate in this matter, there is a justiciable controversy affecting his right ever to be again appointed to the Board.
In view of the fact that Bethune’s complaint sought only a declaration that Nettles was illegally exercising the authority of a member of the Board and an injunction prohibiting Nettles from occupying the disputed seat on the Board, we hold, based upon our review of the arguments of both Bethune and the amicus curiae, that the primary issue presented by this appeal is now moot and that this Court should dismiss the appeal.
Our holding is based, in part, on what this Court has previously held:
“ ‘ “The declaratory judgment statutes do not empower courts to decide moot questions [or] abstract propositions or to give advisory opinions, however convenient it might be to have the questions decided for the government of future *854 cases.” ’ Wallace v. Burleson, 361 So.2d 554, 555 (Ala.1978), quoting State ex rel. Baxley v. Johnson, 293 Ala. 69, 300 So.2d 106 (1974). In deciding whether a ease is moot, a court must consider ‘whether decision of a once living dispute continues to be justified by a sufficient prospect that the decision will have an impact on the parties.’ 13A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3533, at 212 (1984). ‘[I]f a case has become moot, or [if a] judgment would not accomplish an end recognized as sufficient in law, there is no necessity for the judgment, the court will decline to consider the merits, and [the court will] dismiss the case.’ Chisolm v. Crook, 272 Ala. 192, 194, 130 So.2d 191 (1961).”
Hornsby v. Sessions, 703 So.2d 932, 938 (Ala.1997). As the amicus curiae notes, the dispute at the heart of this quo war-ranto action “died a natural death” when Nettles vacated the seat that was at the center of the controversy.
The appeal is dismissed as moot.
APPEAL DISMISSED.
HOOPER, C.J., and KENNEDY, SEE, and BROWN, JJ., concur.

. Section 15-22-20 provides, in pertinent part:
“(a) There shall be a Board of Pardons and Paroles which shall consist of three members, but no two members of such board shall be residents of the same congressional district.
"(b) Any vacancy occurring on the board, whether for an expired or unexpired term, shall be filled by appointment by the Governor, with the advice and consent of the Senate, from a list of three qualified persons nominated by a board consisting of the Chief Justice of the Supreme Court as chairman, the presiding judge of the Court of Criminal Appeals and the Lieutenant Governor. The nominating board shall as soon as practicable after a vacancy occurs, whether for an expired or unexpired term, meet and select by majority vote the names of three persons to be submitted to the Governor. It shall immediately thereafter submit its nominations to the Governor, who shall make his appointment from such list within 10 days thereafter. Appointments made at times when the Senate is not in session shall be effective ad interim. Any appointment made by the Governor while the Senate is in session must be submitted by him to the Senate not later than the third legislative day following the date of the appointment; any appointment made while the Senate is not in session shall be submitted not later than the third legislative day following the reconvening of the Legislature. In the event the Senate fails or refuses to act on the appointment within five legislative days after its submission, the appointment shall be void, and the person whose name was thus submitted shall not thereafter be reappointed. In the event an appointee is not confirmed by the Senate, the nominating board shall make three nominations; one of them shall be appoint *852 ed, and his appointment shall be submitted to the Senate as provided in this section. The nominating and appointing procedure required in this section shall be continued and followed until an appointment is made and completed.
"(c) Members of the board shall be appointed for terms of six years commencing on July 1 in the years 1953, 1955 and 1957, and shall serve until their successors shall have been appointed and shall have qualified. Any person appointed to fill the vacancy for an unexpired term shall vacate the office upon the expiration of that unexpired term.”