Baldwin County ("the County") appeals from a declaratory judgment in favor of the City of Fairhope and certain other municipalities in the County, and from the dismissal of its complaint against Bay Minette and other municipalities. We affirm in part and dismiss the appeal in part.
The County commenced this action on October 3, 2001, by filing a complaint against municipalities in the County, namely: (1) Bay Minette, (2) Spanish Fort, (3) Loxley, (4) Daphne, (5) Fairhope, (6) Silverhill, (7) Robertsdale, (8) Summerdale, (9) Foley, (10) Elberta, (11) Gulf Shores, and (12) Orange Beach (hereinafter referred to collectively as "the Cities"). The complaint, which was filed pursuant to the Declaratory Judgment Act, Ala. Code 1975, § 6-6-220 et seq., contained the following pertinent allegations:
 "4. Pursuant to various general laws of the State of Alabama and certain local acts pertaining to [the County], [the County] has been empowered with certain *Page 44 
regulatory authority for zoning, planning, enforcement of flood regulations, subdivision regulation, protection of historic and preservation districts, and enforcement of building codes, to-wit:
 "(a) Local Act Number 91-719 as amended by Act Number 93-668 and Act Number 98-665 authorizing [the County] to implement zoning and planning in districts throughout Baldwin County;
 "(b) Code of Alabama, Section 11-19-1, et seq. authorizing counties in Alabama to implement zoning, subdivision regulations and planning in flood prone areas;
 "(c) The Baldwin County Flood Damage Prevention Ordinance enacted to implement FEMA [Federal Emergency Management Agency] requirements in flood prone areas required for [the County] to participate in the Federal National Flood Insurance Program;
 "(d) Local Act Number 73-1094 authorizing [the County] to regulate subdivisions outside the corporate limits of municipalities;
 "(e) Code of Alabama, Section 11-24-1, et seq. authorizing counties in Alabama to regulate subdivisions;
 "(f) Local Act Number 80-497 amended by Act Number 89-960 authorizing [the County] to protect the historic and preservation districts through the enforcement of land use controls; and
 "(g) Code of Alabama, Section 41-9-166 authorizing county commissions in Alabama to adopt and enforce the Model Building Code published by the Southern Building Code Congress International and the National Electrical Code published by the National Fire Protection Association.
 "5. The principal procedure or mechanism by which [the County] can implement the authority granted to it hereinabove for zoning and planning, flood damage prevention, subdivision regulation, implementation of FEMA regulations, protection of historic and preservation districts, and implementation of building codes is through the issuance of building permits and through the inspection process associated therewith.
". . . .
 "7. A justiciable controversy exists in that Gulf Shores and Robertsdale are issuing building permits within the one and one-half (1½) miles of their police jurisdiction; Foley has, within the past six (6) months begun to issue building permits within its three-mile police jurisdiction; and on October 1, 2001, Fairhope began to issue building permits within its three-mile police jurisdiction whereas it had previously not issued any building permits in its police jurisdiction. The remaining municipalities in [Baldwin County], namely, Bay Minette, Spanish Fort, Loxley, Daphne, Silverhill, Summerdale, Elberta, and Orange Beach do not issue building permits within their police jurisdiction. [The County] issues building permits and performs inspections commensurate therewith in the police jurisdictions of the Defendants.
 "8. [The County] is unable to properly enforce the rules and regulations or to exercise the authority granted to it pursuant to those laws set forth in Paragraph 4 hereinabove unless it can issue building permits and follow its inspection procedures commensurate therewith as hereinabove set forth.
 "9. It is in the best interest of the citizens of Baldwin County that the rules and regulations regarding the issuance of building permits in the police jurisdictions *Page 45 
of the Defendants be uniform and not duplicitous."
The County sought a judgment declaring that it has the exclusive right to issue building permits and to conduct its "inspection process commensurate therewith" within the police jurisdictions of the Cities; it also sought an order enjoining the Cities from issuing building permits within their police jurisdictions.
Five of the Cities — Gulf Shores, Fairhope, Foley, Robertsdale, and Bay Minette — answered the complaint. Ten of them challenged the sufficiency of the allegations of the complaint in subsequent motions. Specifically, seven municipalities — Spanish Fort, Daphne, Silverhill, Robertsdale, Summerdale, Elberta, and Orange Beach — moved to dismiss the complaint for failure to state a claim. Fairhope, Foley, and Gulf Shores moved for a judgment on the pleadings.
On May 28, 2002, the trial court granted the Cities' motions. Additionally, it dismissed ex mero motu the complaints against Bay Minette and Loxley. The court concluded that "[t]here is no statutory support for divesting municipalities of what has been a clearly recognized authority to exercise their police powers within their police jurisdictions." It further concluded that "the most recent legislative enactment on the matter . . . divests counties, not municipalities, of building permitting power within the police jurisdiction of any municipality which chooses to exercise its jurisdiction." (Emphasis added.) The County challenges those conclusions on appeal.
The threshold issue we must address is whether there exists ajusticiable controversy between the County and some, or any, of the Cities. This inquiry is compelled by, among other things, the allegation in the complaint that only four of the Cities are, in fact, attempting to exercise permitting authority within their police jurisdictions.
To be valid, a declaratory judgment must settle a "bona fide
justiciable controversy." Gulf South Conference v. Boyd, 369 So.2d 553,557 (Ala. 1979).
 "To be justiciable, the controversy must be one that is appropriate for judicial determination. It must be a controversy which is definite and concrete, touching the legal relations of the parties in adverse legal interest, and it must be a real and substantial controversy admitting of specific relief through a [judgment]. `A controversy is justiciable when there are interested parties asserting adverse claims upon a state of facts which must have accrued wherein a legal decision is sought or demanded. . . .' Anderson, Actions for Declaratory Judgments, Volume 1, § 14."
Copeland v. Jefferson County, 284 Ala. 558, 561, 226 So.2d 385, 387
(1969) (emphasis added). "Thus, '[d]eclaratory judgment proceedings will not lie for an "anticipated controversy."'" Creola Land Dev., Inc. v.Bentbrooke Housing, L.L.C., 828 So.2d 285, 288 (Ala. 2002) (quoting Cityof Dothan v. Eighty-Four West, Inc., 738 So.2d 903, 908 (Ala.Civ.App. 1999)) (emphasis added). Moreover, "justiciability is jurisdictional," Exparte State ex rel. James, 711 So.2d 952, 960 n. 2 (Ala. 1998); hence, if necessary, "this Court is duty bound to notice ex mero motu the absence of subject-matter jurisdiction." Stamps v. Jefferson County Bd. ofEduc., 642 So.2d 941, 945 n. 2 (Ala. 1994).
It is evident on the face of the complaint that no such controversy exists between the County and eight of the Cities, namely, Spanish Fort, Daphne, Silverhill, Summerdale, Elberta, Orange Beach, Bay Minette, and Loxley. The County seeks to enjoin the Cities from issuing building permits *Page 46 
within their police jurisdictions. However, it is undisputed that, as alleged in the complaint, those eight cities have never purported to exercise such authority, nor have they expressed any inclination to do so. It cannot be clearer that no justiciable controversy exists between the County and those Cities.
The trial court dismissed the complaint as it related to those eight Cities. Because the trial court lacked subject- matter jurisdiction of the claims against those Cities, dismissal was proper. Thus, the trial court's order, as it relates to Spanish Fort, Daphne, Silverhill, Summerdale, Elberta, Orange Beach, Bay Minette, and Loxley, is affirmed.
It is only slightly less obvious that the court also lacks jurisdiction over the action as it involves Fairhope, Foley, Gulf Shores, and Robertsdale, the four Cities that allegedly do issue building permits. The action against those four Cities purports to exist in a factualvacuum. For example, the County states: "The applicability of [the] general laws and local acts as affecting the legal status and rights of the parties can only be determined after a consideration of relevantfacts." County's Brief, at 28 (emphasis added). However, in the "Statement of Facts" section of the County's brief, the County says: "There is no Statement of the Facts. No evidence was presented to the court. The court ruled on the pleadings based upon arguments of counsel and authorities presented." County's Brief, at 11 (emphasis added).
Thus, the County acknowledges the absence of an extant factual scenario from which to frame a controversy, but, instead, essentially seeks further opportunity to posit in the trial court certain hypotheticals, such as the following:
 "If a citizen wishes to build or remodel a structure in the police jurisdiction of one of the [Cities] and he goes to that municipality to obtain a building permit, [the County] may never know that that building permit has been issued and that construction is taking place. Consequently, if that structure is located in one of [the County's] zoned districts or in a flood prone area wherein [the County] has zoning and planning authority, [the County] may never know about the construction and thereby be unable to inspect so as to determine that the structure is in compliance with its zoning regulations or its flood damage prevention regulations. Thus, the simple fact that the general laws or local acts may have some particular enforcement provision whereby [the County] may file a suit to enjoin or assess monetary penalties, does not empower [the County] to efficiently and effectively exercise its regulatory authority. Obviously, the ultimate loser in this scenario would be the citizen
who thought he was complying with all of the necessary regulations but, in fact, was not."
County's Brief, at 21 (emphasis added).
This hypothetical clearly demonstrates the problem with the County's case: the alleged injury is only hypothetical. The County does not describe an existing dispute that is "definite and concrete," or "real and substantial." Copeland v. Jefferson County, 284 Ala. at 561,226 So.2d at 387. Nowhere does the County allege that this, or any similar, scenario has, in fact, occurred. It merely argues that such a scenariocould occur. It does not involve a dispute with any permitee who would be affected by conflicting regulations. In other words, the County alleges nothing more than an "anticipated controversy," for which "[d]eclaratory judgment proceedings will not lie." Creola Land Dev., 828 So.2d at 288. *Page 47 
Indeed, the County concedes that it began this action "in an effort toget some clarification regarding the competing authorities in the area." County's Reply Brief, at 9 (emphasis added). Thus, by its own admission, the County is seeking an "advisory opinion" from this Court. It is well established, however, that "`"`the declaratory judgment statutes do not empower courts to decide moot questions [or] abstract propositions or togive advisory opinions, however convenient it might be to have the questions decided for the government of future cases.'"'" Bethune v.Nettles, 738 So.2d 850, 853 (Ala. 1999) (quoting Hornsby v. Sessions,703 So.2d 932, 938 (Ala. 1997), quoting in turn other cases) (emphasis added).
In short, this action presents no justiciable controversy. Consequently, the trial court lacked subject-matter jurisdiction over the action. The trial court entered a judgment on the pleadings in favor of Fairhope, Foley, and Gulf Shores. Because of the jurisdictional defect, that judgment is void. A void judgment will not support an appeal. Stampsv. Jefferson County Bd. of Educ., 642 So.2d 941, 945 (Ala. 1994). Therefore, the appeal from the judgment in favor of Fairhope, Foley, and Gulf Shores is dismissed. The order dismissing the complaint against the other cities is affirmed.
AFFIRMED IN PART; APPEAL DISMISSED IN PART.
Moore, C.J., and Houston, Lyons, and Johnstone, JJ., concur.