985 So.2d 892 (2007)
EX PARTE ALABAMA DEPARTMENT OF TRANSPORTATION.
In re Reese and Howell, Inc.
v.
Alabama Department of Transportation.
1050847.
Supreme Court of Alabama.
November 9, 2007.
*893 Robert A. Huffaker and R. Austin Huffaker, Jr., of Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, for petitioner.
Jacob A. Fuller and J. Doyle Fuller of Law Office of J. Doyle Fuller, P.C., Montgomery, for respondent.
Christopher T. McRae and Jonathan T. Holloway of McRae & Metcalf, P.A., Tallahassee, Florida, for intervenor Anderson Columbia Co., Inc.
PARKER, Justice.
The Alabama Department of Transportation ("ALDOT") petitions this Court for a writ of mandamus directing the Montgomery Circuit Court to enter an order granting ALDOT's motion for a summary judgment in a breach-of-contract action against it brought by Reese and Howell, Inc. ("Reese"). Although Reese argues that ALDOT's petition is due to be denied on the basis that ALDOT has a legal duty to perform its obligations under the contract between it and ALDOT, ALDOT has a clear legal right to the writ because "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const.1901, § 14. The original complaint named ALDOT, an agency of the State, as the defendant, and the doctrine of State immunity prevails; thus the claims against ALDOT must be dismissed. We therefore grant the petition.

Facts and Procedural Posture
On or about April 16, 1999, ALDOT and Reese contracted for the construction of a road in Opp  the Opp Bypass; the cost of the project was to be approximately $9.7 million. Reese was the general contractor, and the project was to be completed within 500 working days, sometime in October 2000.
Work suspensions, caused at least in part by ALDOT, occurred during the course of the work so that the project was not completed until November 2002, about 750 days after the targeted completion *894 date. Supplemental agreements had been negotiated and incorporated into the contract covering certain of the increased costs caused by the delays. There is, however, a dispute as to whether Reese is entitled $4,502,210, the full amount of its claim seeking reimbursement for the delay, which was properly submitted under the contract. ALDOT has offered increasing amounts of compensation for the delays, starting at $131,163.91, progressing to $214,155.43, and finally to $457,183.51. Reese, having exhausted its administrative remedies, sued ALDOT in the Montgomery Circuit Court, claiming that ALDOT had breached its contract with Reese and demanding payment of its claim. Reese subsequently amended its complaint to add a count stating that ALDOT's actions in refusing to pay its claim were arbitrary and capricious. Reese filed a second amended complaint adding the director of ALDOT as a defendant. ALDOT filed a motion to strike that amendment, which the trial court has not yet ruled on. On March 21, 2005, Anderson Columbia Co., Inc., a subcontractor, moved to intervene as a plaintiff. The trial court granted the motion over ALDOT's objection.
ALDOT filed a motion for a summary judgment on all counts in the complaint, the amended complaint, and the intervenor complaint, based on State immunity. The trial court denied the motion, stating:
"This Court realizes that ALDOT has a right to seek appellate review of this Order via mandamus to the Alabama Supreme Court. Because of the complex legal issues involved that impact this case as well as contractual dealings of ALDOT and agencies of the State of Alabama, the number of witnesses involved in this matter, and the significant time and expense to all parties and this Court should this case go forward, this Court requests the Alabama Supreme Court undertake consideration of the legal issues presented in ALDOT's Motion for Summary Judgment, should ALDOT elect to seek appellate review of this Order."

Standard of Review
This case involves denial of a motion for a summary judgment grounded on a claim of State immunity. This Court has stated:
"`While the general rule is that the denial of a motion for summary judgment is not reviewable, the exception is that the denial of a motion for summary judgment grounded on a claim of immunity is reviewable by petition for writ of mandamus.' Ex parte Rizk, 791 So.2d 911, 912 (Ala.2000). A writ of mandamus is an extraordinary remedy available only when there is: `(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.' Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala. 2001)."
Ex parte Nall, 879 So.2d 541, 543 (Ala. 2003).
Because the motion sought a summary judgment on the basis of State immunity, the denial of the motion is reviewable. State immunity precludes jurisdiction of a court over the case in which it is proven to exist. This Court has held that the
"constitutionally guaranteed principle of sovereign immunity, acting as a jurisdictional bar, precludes a court from exercising subject-matter jurisdiction. Without jurisdiction, a court has no power to act and must dismiss the action. `"The question of jurisdiction is always fundamental, and if there is an absence *895 of jurisdiction over either the person, or the subject matter, a court has no power to act, and jurisdiction over the subject matter cannot be created by waiver or consent."' Mobile & Gulf R.R. v. Crocker, 455 So.2d 829, 831 (Ala.1984) (quoting Norton v. Liddell, 280 Ala. 353, 356, 194 So.2d 514, 517 (1967)). If an Alabama court has jurisdiction to hear [such an] action, it must come through some abrogation of the State's immunity."
Alabama State Docks Terminal Ry. v. Lyles, 797 So.2d 432, 435 (Ala.2001).

Legal Analysis
"Under Ala. Const. of 1901, § 14, the State of Alabama has absolute immunity from lawsuits. This absolute immunity extends to arms or agencies of the state...." Ex parte Tuscaloosa County, 796 So.2d 1100, 1103 (Ala.2000) (emphasis added).
ALDOT is a State agency, and this Court has repeatedly held that the absolute bar of § 14 applies to the State and its agencies. Ex parte Alabama Dep't of Transp., 764 So.2d 1263, 1268 (Ala.2000). This Court held in Latham v. Department of Corrections, 927 So.2d 815, 821 (Ala. 2005):
"A state official is not immune from an action that (1) seeks to compel a state official to perform his or her legal duties, (2) seeks to enjoin a state official from enforcing unconstitutional laws, (3) seeks to compel a state official to perform ministerial acts, or (4) seeks a declaration under the Declaratory Judgments Act...."
In addition, we have recognized two further exceptions. See Ex parte Alabama Dep't of Transp., 978 So.2d 17, 21 (Ala. 2007) ("`(5) valid inverse condemnation actions brought against State officials in their representative capacity; and (6) actions for injunction or damages brought against State officials in their representative capacity and individually where it is alleged that they had acted fraudulently, in bad faith, beyond their authority or in a mistaken interpretation of law.'" (quoting Drummond Co. v. Alabama Dep't of Transp., 937 So.2d 56, 58 (Ala.2006))).
Here, we deal with a claim against a State agency,[1] not a claim against a State official. Consequently, ALDOT is clearly entitled to the relief it seeks based on its absolute immunity.
It is very clear that § 14, Ala. Const. 1901, conveys to ALDOT a clear legal right to the writ. While both ALDOT and Reese advance persuasive arguments for their respective positions, Reese cannot overcome ALDOT's constitutionally based right to the writ of mandamus. Because the State "shall never be made a defendant," the doctrine of State immunity prevails, and the writ directing the Montgomery Circuit Court to grant ALDOT's motion for a summary judgment must issue.

Conclusion
ALDOT has demonstrated a clear legal right to a summary judgment on the breach-of-contract claim against it. As a State agency, ALDOT has absolute immunity from suit. Accordingly, we grant the petition and issue the writ.
PETITION GRANTED; WRIT ISSUED.
*896 SEE, LYONS, WOODALL, SMITH, BOLIN, and MURDOCK, JJ., concur.
COBB, C.J., and STUART, J., concur in the result.
NOTES
[1] This case differs from Drummond Co. v. Alabama Department of Transportation, 937 So.2d 56 (Ala.2006), in which ALDOT offered to voluntarily substitute the director of ALDOT as the proper party. That was the reason this Court, in Drummond, ordered the substitution of the director of the agency.