11 So.3d 189 (2008)
ALABAMA DEPARTMENT OF CORRECTIONS and Richard Allen
v.
MONTGOMERY COUNTY COMMISSION.
1051455.
Supreme Court of Alabama.
December 12, 2008.
*190 Troy King, atty. gen., Kevin C. Newsom, deputy atty. gen., and Albert S. Butler, asst. gen. counsel and asst. atty. gen., Department of Corrections, and James W. Davis, asst. atty. gen., for appellants.
Thomas T. Gallion III and Constance C. Walker of Haskell Slaughter Young & Gallion, L.L.C., Montgomery, for appellee.
PER CURIAM.
The opinion of June 27, 2008, is withdrawn, and the following opinion is substituted therefor.
The Alabama Department of Corrections ("the DOC") and Richard Allen, its commissioner, appeal from a summary judgment in favor of the Montgomery County Commission ("the Commission") entered by the Montgomery Circuit Court. We dismiss the appeal, vacate the summary judgment, and dismiss the action.

I. Facts and Procedural History
This case arose out of a dispute between the Commission and the DOC over responsibility for the payment of medical expenses incurred in the treatment of Betti Jo Day while she was housed at the Montgomery County Detention Facility. On May 27, 2004, the Commission sued the DOC in the Montgomery Circuit Court. The one-count complaint sought a judgment declaring that Day's "medical bills [were] the financial responsibility of the [DOC] pursuant to Ala.Code 1975, § 14-3-30(b)." On July 20, 2004, the DOC filed an answer in which it denied the material allegations of the complaint.
On November 18, 2005, the Commission filed a motion for a summary judgment in which it argued that, under Ala.Code 1975, § 14-3-30(b), the DOC was obligated to cover Day's medical expenses, which, according to the Commission, totaled $127,032.93. The circuit court denied the motion. On March 2, 2006, the Commission filed an amended complaint in which it purported to add as a defendant Richard Allen, in his official capacity as commissioner of the DOC. The amended complaint sought an order from the court requiring Allen "to perform his legal duties" under § 14-3-30(b) and "to reimburse [the Commission] for its payment of [Day's] *191 medical bills that were the financial responsibility of" the DOC.
The DOC filed a motion for a summary judgment on March 31, 2006. On May 11, 2006, the Commission filed a cross-motion for a summary judgment. On May 31, 2006, the circuit court granted the Commission's motion and entered a summary judgment in its favor. The court declared that the expenses of Day's medical care were the responsibility of the DOC and ordered Allen to ensure that DOC funds were used to reimburse the Commission the $127,032.93 the Commission had spent on Day's medical care. The DOC and Allen appealed.
On June 27, 2008, this Court issued an opinion. After considering the arguments made by the parties at that time, we dismissed the appeal as to the DOC, stating that as to it the circuit court's judgment was void. We affirmed the judgment against Allen. No application for rehearing was filed, and we issued a certificate of judgment on July 15, 2008. However, on September 18, 2008, pursuant to Supreme Court Internal Rule VI.J.3., see Ex parte James, 836 So.2d 813, 877 (Ala.2002) (Johnstone, J., dissenting), we recalled the certificate of judgment and placed the case on rehearing ex mero motu. In so doing, we directed the parties to "file simultaneous supplemental briefs addressing the issue whether the Montgomery Circuit Court had subject-matter jurisdiction to allow the amendment of the complaint to add [Allen] as a defendant," with specific reference to Ex parte Alabama Department of Transportation (In re Good Hope Contracting Co. v. Alabama Department of Transportation), 978 So.2d 17 (Ala.2007) (hereinafter "Good Hope"). The parties have appropriately responded.

II. DiscussionSovereign Immunity
Allen and the DOC now contend that the entire action, which was initially filed against the DOC only, was barred by the doctrine of sovereign immunity. Relying on Ala. Const.1901, § 14, and recent caselaw, they argue that the initial complaint did not confer subject-matter jurisdiction on the circuit court. They insist that such "lack of jurisdiction cannot be cured by amendment, and that a circuit court lacking subject-matter jurisdiction has no authority except to dismiss the complaint. Consequently, anything the circuit court did ..., including allowing the amendment to add Commissioner Allen as a defendant, [was] null and void." Allen and DOC's rehearing brief, at 4. We agree.
Section 14, Ala. Const.1901, provides: "[T]he State of Alabama shall never be made a defendant in any court of law or equity." (Emphasis added.) "The wall of immunity erected by § 14 is nearly impregnable." Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala.2002). Indeed, as regards the State of Alabama and its agencies, the wall is absolutely impregnable. Ex parte Alabama Dep't of Human Res., 999 So.2d 891, 895 (Ala.2008) ("Section 14 affords absolute immunity to both the State and State agencies."); Ex parte Jackson County Bd. of Educ., 4 So.3d 1099, 1102 (Ala.2008) (same); Atkinson v. State, 986 So.2d 408, 410-11 (Ala.2007) (same); Good Hope (same); Ex parte Alabama Dep't of Transp., 764 So.2d 1263, 1268 (Ala.2000) (same); Mitchell v. Davis, 598 So.2d 801, 806 (Ala.1992) (same). "Absolute immunity" means just thatthe State and its agencies are not subject to suit under any theory.
"This immunity may not be waived." Patterson, 835 So.2d at 142. Sovereign immunity is, therefore, not an affirmative defense, but a "jurisdictional bar." Ex parte Alabama Dep't of Transp., 985 So.2d 892, 894 (Ala.2007). The jurisdictional bar of § 14 simply "preclud[es] a *192 court from exercising subject-matter jurisdiction" over the State or a State agency. Lyons v. River Road Constr., Inc., 858 So.2d 257, 261 (Ala.2003). Thus, a complaint filed solely against the State or one of its agencies is a nullity and is void ab initio. Ex parte Alabama Dep't of Transp. (In re Russell Petroleum, Inc. v. Alabama Dep't of Transp.), 6 So.3d 1126 (Ala.2008) (hereinafter "Russell"). Any action taken by a court without subject-matter jurisdictionother than dismissing the actionis void. State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1029 (Ala.1999).
Russell, like this case, began with a complaint filed solely against a State agency, namely, the Alabama Department of Transportation ("ADOT"). Specifically, the complaint was filed on September 30, 2005.
"On November 18, 2005, ADOT moved to dismiss on the ground that the action [was] barred by [§ 14] .... Subsequently, Russell filed a motion seeking to `substitute (or add) D.J. McInnes, as Director of [ADOT] as the Defendant in this case [("the director")], to dismiss [ADOT] as a Defendant, and to permit this litigation to proceed accordingly.' It also filed an amended complaint styled `Russell Petroleum, Inc. v. Alabama Department of Transportation; and D.J. McInnes, as Director of the Alabama Department of Transportation.' The claims in the amended complaint were in three counts. Count one sought a judgment declaring that the director had taken Russell's property without just compensation. Count two sought a writ of mandamus compelling the director to compensate Russell for the alleged taking. Count three sought `an award of money that [would] justly compensate [Russell] for the inverse condemnation and taking of its property.'
"On November 30, 2007, ADOT and the director filed a joint motion to dismiss the case, arguing that, based on the authority of [Good Hope], the court did not have subject-matter jurisdiction over them. In their brief in support of that motion, ADOT and the director argued that the amended complaint was a nullity and that the court had no alternative but to dismiss the action. This was so, because, they argued, the original complaint failed to invoke the subject-matter jurisdiction of the trial court, having named only ADOT, which is absolutely immune from suit, and the amended complaint, which purported to amend an action that was void ab initio, was a nullity; therefore, no jurisdiction attached as a result of the purported amendment. The trial court denied the motion to dismiss, and [ADOT's mandamus] petition followed."
Russell, 6 So.3d at 1126-27.
This Court granted ADOT's petition and issued the writ of mandamus, saying: "[W]e hold that the trial court lacked subject-matter jurisdiction to entertain an amendment to the original complaint, which was filed solely against ADOT. Because the trial court does not haveand has never hadsubject-matter jurisdiction over this action, it must be dismissed." Russell, 6 So.3d at 1128 (emphasis added).
In so holding, we discussed and relied on Good Hope, stating:
"In Good Hope, Good Hope Contracting Company, Inc. (`the Company'), sued ADOT seeking declaratory relief, damages for breach of contract, and a writ of mandamus directing ADOT to pay for services the Company had allegedly rendered to ADOT. Good Hope, 978 So.2d at 20. ADOT `moved the trial court to dismiss the complaint on the ground that [ADOT], as an agency of the State of Alabama, is entitled to sovereign immunity *193 under § 14, Ala. Const. 1901.' Good Hope, 978 So.2d at 20. When the trial court failed to rule on the motion, ADOT petitioned this Court for a writ of mandamus. Id. In its response to the petition, the Company asked this Court to direct the trial judge `to allow [the Company] to amend its complaint to add the proper party.' 978 So.2d at 25 (emphasis added)."
Russell, 6 So.3d at 1127.
We then explained how, in Good Hope, we had "also refused to allow the Company to amend its complaint to add the proper party." Russell, 6 So.3d at 1128. We stated:
"`[ADOT] argued in its motion to dismiss that, as a State agency, it was not the proper party to be sued, and it pointed out that [the Company] had failed to name any State official as a party. [ADOT]'s supplemental submission and brief in support of motion to dismiss, tab 3 at 8.
"`Further, in Ex parte Blankenship, 893 So.2d 303, 306-07 (Ala.2004), this Court held that, if a trial court lacks subject-matter jurisdiction, it has no power to take any action other than to dismiss the complaint. A trial court lacks subject-matter jurisdiction if the defendant is immune under the doctrine of sovereign immunity. Larkins [v. Department of Mental Health & Mental Retardation, 806 So.2d [358,] 364 (Ala.2001)] ("`Article I, § 14, of the Alabama Constitution of 1901 thus removes subject-matter jurisdiction from the courts when an action is determined to be one against the State.'" (quoting [Alabama State Docks Terminal Ry. v.] Lyles, 797 So.2d [432,] 435 [(Ala.2001)])). Thus, this Court cannot order the trial court to allow Good Hope to amend its complaint because the trial court lacks subject-matter jurisdiction.'

"Good Hope, 978 So.2d at 26 (emphasis added). Accord Ex parte Alabama Dep't of Transp., 990 So.2d 366 (Ala. 2008)."
Russell, 6 So.3d at 1128.
Russell and Good Hope control this case. The Commission's original complaint named only the DOC as a defendant. Because the DOC is a State agency, it is, under § 14, absolutely immune from suit. Because the original complaint named only a party that has absolute State immunity, it failed to trigger the subject-matter jurisdiction of the circuit court. Consequently, it was a nullity. The purported amendment of a nullity is also a nullity. See Porter v. Commonwealth, 276 Va. 203, 228, 661 S.E.2d 415, 427 (2008) ("A defect in subject matter jurisdiction cannot be cured by reissuance of process, passage of time, or pleading amendment."). Because the circuit court never acquired subject-matter jurisdiction over this action, its orders and judgments are void, including the judgment that is the subject of this appeal.
The Commission attempts to distinguish this case from Good Hope. It concedes that both cases involved claims for declaratory relief, but it argues that Good Hope also included a breach-of-contract claim, while this case involves the construction of a statute. More specifically, according to the Commission, caselaw going back nearly 40 years supports the proposition that the prohibition of § 14 is subject to certain exceptions, such as "`(1) [a]ctions brought to compel State officials to perform their legal duties[;].... (2) [a]ctions brought to enjoin State officials from enforcing an unconstitutional law[;].... (3) [a]ctions to compel State officials to perform ministerial acts[;].... [and] (4) [a]ctions ... seeking construction of a statute ....'" Patterson v. Gladwin Corp., 835 So.2d at 142 (quoting Aland v. Graham, 287 Ala. 226, 229-30, 250 So.2d 677, 679 (1971)).
*194 Recently, in Alabama Department of Transportation v. Harbert International, Inc., 990 So.2d 831, 841 (Ala.2008), we acknowledged some lack of clarity in our caselaw. There, we said:
"`It is true that [some of our opinions have been] worded in such a way as to leave open the possibility that the exception[s]... [are] not limited to actions against State officials. It is [our] conclusion, however, that [such cases] have not been careful in their articulation of [the exceptions] to sovereign immunity, particularly in light of the absolute immunity that it is now well established extends both to the State and to State agencies.'"
(Quoting Raley v. Main, 987 So.2d 569, 583 (Ala.2007) (Murdock, J., concurring in part and concurring in the result) (first emphasis added).)
However, careless language is never a justification for ignoring the clearly expressed mandate of the Constitution. It is well established that the State and its agencies have absolute immunity from suit, not simply immunity from certain claims. That is the plain meaning of § 14 ("the State of Alabama shall never be made a defendant in any court"). See also Mitchell v. Davis, 598 So.2d 801, 806 (Ala. 1992) ("The State and its agencies have absolute immunity from suit in any court under [§ 14]."). Thus, the exceptions are relevant only as they relate to claims against State officials in their official capacities, not as they relate to the State agency or the State itself. For actions against the State or one of its agencies, there are no exceptions, and, for pleading purposes as explained above, the distinction is critical.

III. Conclusion
In conclusion, the Montgomery Circuit Court does not haveand has never hadsubject-matter jurisdiction over this action. Thus, its judgment is void, and it is hereby vacated, and this action is dismissed. Moreover, a void judgment will not support an appeal. Faith Props., LLC v. First Commercial Bank, 988 So.2d 485, 492 (Ala.2008). Therefore, this appeal is dismissed.
OPINION OF JUNE 27, 2008, WITHDRAWN; OPINION SUBSTITUTED; JUDGMENT VACATED; APPEAL DISMISSED; AND CASE DISMISSED.
SEE, LYONS, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
COBB, C.J., and MURDOCK, J., dissent.
MURDOCK, Justice (dissenting).
For the reasons explained in my special writings in Cadle Co. v. Shabani, 4 So.3d 460 (Ala.2008) (Murdock, J., dissenting), and Ex parte Alabama Department of Transportation, 6 So.3d 1126 (Ala.2008) (Murdock, J., dissenting), I respectfully dissent.
COBB, C.J., concurs.