SELLERS, Justice.
The Alabama Department of Corrections ("ADOC") petitions this Court for a writ of mandamus directing the Montgomery Circuit Court to enter an order dismissing, on the ground of sovereign immunity, Art. I, § 14, Ala. Const. 1901 (also referred to as State immunity), the claims asserted against it by Jean Clowers and Scott Clowers. Because ADOC has demonstrated a clear legal right to this relief, we grant the petition and issue the writ.
On October 8, 2015, Jean Clowers sued ADOC, Isabella Cowan, and fictitiously named parties, seeking to recover damages for injuries she alleges she sustained as a result of a collision between a vehicle she was driving and an ADOC van driven by Cowan, who, at the time of the accident, *636 was a work-release inmate in the custody of ADOC. Clowers alleged in her complaint that ADOC was vicariously liable for Cowan's alleged negligence and/or wantonness in running a red light and thus causing the accident. Clowers's husband, Scott, joined the action, claiming damages for loss of consortium.
On May 10, 2016, ADOC filed a motion to dismiss the complaint on the basis that ADOC, as a State agency, is entitled to sovereign immunity under § 14. On January 10, 2017, the circuit court entered an order denying ADOC's motion to dismiss. This petition followed.
A writ of mandamus is an extraordinary remedy available only when the petitioner can demonstrate: " '(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.' " Ex parte Nall, 879 So.2d 541, 543 (Ala. 2003) (quoting Ex parte BOC Grp., Inc., 823 So.2d 1270, 1272 (Ala. 2001) ). It is well established that "a court's failure to dismiss a case for lack of subject-matter jurisdiction based on sovereign immunity may properly be addressed by a petition for the writ of mandamus." Ex parte Alabama Dep't of Mental Health & Mental Retardation, 837 So.2d 808, 810-11 (Ala. 2002). "A ruling on a motion to dismiss is reviewed without a presumption of correctness." Newman v. Savas, 878 So.2d 1147, 1148-49 (Ala. 2003).
The only issue for the Court's review is whether the circuit court erred in failing to dismiss the Clowerses' claims against ADOC on the basis of sovereign immunity. In Alabama Department of Corrections v. Montgomery County Commission, 11 So.3d 189, 191-92 (Ala. 2008), this Court stated the well established law regarding sovereign or State immunity:
"Section 14, Ala. Const. 1901, provides: '[T]he State of Alabama shall never be made a defendant in any court of law or equity.' (Emphasis added.) 'The wall of immunity erected by § 14 is nearly impregnable.' Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala. 2002). Indeed, as regards the State of Alabama and its agencies, the wall is absolutely impregnable. Ex parte Alabama Dep't of Human Res., 999 So.2d 891, 895 (Ala. 2008) (' Section 14 affords absolute immunity to both the State and State agencies.'); Ex parte Jackson County Bd. of Educ., 4 So.3d 1099, 1102 (Ala. 2008) (same); Atkinson v. State, 986 So.2d 408, 410-11 (Ala. 2007) (same); [ In re] Good Hope [Contracting Co. v. Alabama Dep't of Transp., 978 So.2d 17 (Ala. 2007) ] (same); Ex parte Alabama Dep't of Transp., 764 So.2d 1263, 1268 (Ala. 2000) (same); Mitchell v. Davis, 598 So.2d 801, 806 (Ala. 1992) (same). 'Absolute immunity' means just that-the State and its agencies are not subject to suit under any theory.
" 'This immunity may not be waived.' Patterson, 835 So.2d at 142. Sovereign immunity is, therefore, not an affirmative defense, but a 'jurisdictional bar.' Ex parte Alabama Dep't of Transp., 985 So.2d 892, 894 (Ala. 2007). The jurisdictional bar of § 14 simply 'preclud[es] a court from exercising subject-matter jurisdiction' over the State or a State agency. Lyons v. River Road Constr., Inc., 858 So.2d 257, 261 (Ala. 2003). Thus, a complaint filed solely against the State or one of its agencies is a nullity and is void ab initio. Ex parte Alabama Dep't of Transp. (In re Russell Petroleum, Inc. v. Alabama Dep't of Transp.), 6 So.3d 1126 (Ala. 2008).... Any action taken by a court without subject-matter jurisdiction-other than dismissing the action-is void.
*637 State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1029 (Ala. 1999)."
Because it is an agency of the State of Alabama, ADOC is entitled to absolute immunity under § 14 as to the claims asserted against it by the Clowerses. Therefore, the circuit court lacked jurisdiction over those claims.
ADOC has established a clear legal right to the relief requested. Accordingly, we grant the petition for the writ of mandamus and direct the circuit court to dismiss the claims against ADOC based on the doctrine of sovereign immunity.
PETITION GRANTED; WRIT ISSUED.
Stuart, C.J., and Bolin, Parker, Murdock, Shaw, Main, Wise, and Bryan, JJ., concur.