MENDHEIM, Justice.
The Board of Trustees of the University of Alabama ("the Board") petitions this Court for a writ of mandamus directing the Jefferson Circuit Court to dismiss for lack of subject-matter jurisdiction, based on Article I, § 14, Ala. Const. 1901, an action filed against it by Paul F. Castellanos, M.D. ("Dr. Castellanos"). We grant the petition.
I. Facts
On September 22, 2017, Dr. Castellanos filed an action against six named defendants and other fictitiously named defendants. The six named defendants are: (1) "University of Alabama Health Services Foundation, P.C."; (2) "Board of Trustees for the University of Alabama School of Medicine (UAB)"; (3) "William R. Carroll, M.D."; (4) "Loring Rue, M.D."; (5) "Gustavo R. Heudebert, M.D."; and (6) "UAB Health System Board of Directors." The Board explains in its petition that it was incorrectly named in the complaint "Board of Trustees for the University of Alabama School of Medicine (UAB)" and that the correct name of the entity is "the Board of Trustees of the University of Alabama." Against the Board, Dr. Castellanos's complaint asserted claims alleging intentional interference with contractual and business relations, civil conspiracy, and "intentional infliction of mental anguish-outrageous conduct" and seeking declaratory and injunctive relief.
On November 1, 2017, the Board filed a motion to dismiss in which it asserted that it was entitled to immunity under Article 1, § 14, Ala. Const. 1901. No other defendant joined the Board's motion.
Later in the day on November 1, 2017, the remaining defendants, other than the Board, filed a motion to compel arbitration as to all claims asserted against them by Dr. Castellanos. The motion was based on an arbitration provision contained in the "University of Alabama Health Services Foundation, P.C. Physician Employment Contract" ("the employment contract") entered into between the University of Alabama Health Services Foundation, P.C., and Dr. Castellanos. The motion to compel arbitration included a footnote observing that the Board was not a party to the motion to compel arbitration.
On November 15, 2017, the circuit court entered an order granting the motion to compel arbitration as to certain named defendants but not others. Specifically, the circuit court "ordered ... that the above captioned case is hereby compelled to arbitration as it relates to claims asserted against Defendants University of Alabama Health Services Foundation, P.C., Board of Trustees for the University of Alabama School of Medicine (UAB), and UAB Health System Board of Directors, only." The circuit court did not grant the motion to compel arbitration as to William R. Carroll, M.D., Loring Rue, M.D., and Gustavo R. Heudebert, M.D. Thus, the order compelled the Board to submit to arbitration even though it had not joined the motion to compel arbitration.
*853 On November 29, 2017, the Board filed the present petition for a writ of mandamus asking this Court to direct the circuit court to grant its motion to dismiss all claims against it.
On February 28, 2018, Dr. Castellanos filed a one-page response to the petition in which he stated that he "acknowledges and concedes that [the Board] is itself immune from suit and the order compelling [the Board] to arbitration was improvidently granted as to [the Board]. The issuance of this Writ, on these grounds, should be granted for [the Board]."
II. Standard of Review
A writ of mandamus is an extraordinary remedy available only when the petitioner can demonstrate: " '(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.' " Ex parte Nall, 879 So.2d 541, 543 (Ala. 2003) (quoting Ex parte BOC Grp., Inc., 823 So.2d 1270, 1272 (Ala. 2001) ). It is well established that "a court's failure to dismiss a case for lack of subject-matter jurisdiction based on sovereign immunity may properly be addressed by a petition for the writ of mandamus." Ex parte Alabama Dep't of Mental Health & Mental Retardation, 837 So.2d 808, 810-11 (Ala. 2002).
III. Analysis
The only issue for the Court's review is whether the circuit court erred in failing to dismiss Dr. Castellanos's claims against the Board on the basis of § 14 immunity and thus erred by including the Board in its order compelling arbitration of Dr. Castellanos's claims against certain defendants.
"Section 14, Ala. Const. 1901, provides: '[T]he State of Alabama shall never be made a defendant in any court of law or equity.' (Emphasis added.) 'The wall of immunity erected by § 14 is nearly impregnable.' Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala. 2002). Indeed, as regards the State of Alabama and its agencies, the wall is absolutely impregnable. Ex parte Alabama Dep't of Human Res., 999 So.2d 891, 895 (Ala. 2008) (' Section 14 affords absolute immunity to both the State and State agencies.'); Ex parte Jackson County Bd. of Educ., 4 So.3d 1099, 1102 (Ala. 2008) (same); Atkinson v. State, 986 So.2d 408, 410-11 (Ala. 2007) (same); [In re] Good Hope [Contracting Co. v. Alabama Dep't of Transp., 978 So.2d 17 (Ala. 2007) ] (same); Ex parte Alabama Dep't of Transp., 764 So.2d 1263, 1268 (Ala. 2000) (same); Mitchell v. Davis, 598 So.2d 801, 806 (Ala. 1992) (same). 'Absolute immunity' means just that-the State and its agencies are not subject to suit under any theory.
" 'This immunity may not be waived.' Patterson, 835 So.2d at 142. Sovereign immunity is, therefore, not an affirmative defense, but a 'jurisdictional bar.' Ex parte Alabama Dep't of Transp., 985 So.2d 892, 894 (Ala. 2007). The jurisdictional bar of § 14 simply 'preclud[es] a court from exercising subject-matter jurisdiction' over the State or a State agency. Lyons v. River Road Constr., Inc., 858 So.2d 257, 261 (Ala. 2003). Thus, a complaint filed solely against the State or one of its agencies is a nullity and is void ab initio. Ex parte Alabama Dep't of Transp. (In re Russell Petroleum, Inc. v. Alabama Dep't of Transp.), 6 So.3d 1126 (Ala. 2008).... Any action taken by a court without subject-matter jurisdiction-other than dismissing the action-is void. State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1029 (Ala. 1999)."
*854 Alabama Dep't of Corr. v. Montgomery Cty. Comm'n, 11 So.3d 189, 191-92 (Ala. 2008).
"The Board of Trustees of the University of Alabama" was created by the State of Alabama. See § 16-47-1, Ala. Code 1975. "The University of Alabama School of Medicine" is "under the sole management, ownership and control of the Board of Trustees of the University of Alabama." § 16-47-90, Ala. Code 1975. Our cases have made it abundantly clear that the Board is entitled to § 14 immunity. See, e.g., Carter v. Board of Trs. of Univ. of Alabama in Birmingham, 431 So.2d 529, 531 (Ala. 1983) ("It is clear that the [University of Alabama in Birmingham] Board [of Trustees] shares the state's constitutional immunity from suit."); Cox v. Board of Trs. of Univ. of Alabama, 161 Ala. 639, 648, 649, 49 So. 814, 817 (1909) (observing that "[i]t is clear ... that the various boards of trustees of the University of Alabama, etc., are but agents appointed by the state to manage the affairs of the University of Alabama; that, while the name of the agency has been several times changed, the legal entity of the University of Alabama has remained all the while. It therefore clearly appears that the University of Alabama, by whatever corporate name or under the control of whatever agents it may be, is a part of the state" and concluding that "the law in this state [is] that [these] public institutions created by the state purely for ... educational purposes ... are not subject to suit under section 14 of the Constitution of 1901, which prohibits the state from being made a party defendant in any court of law or equity"). See also Hutchinson v. Board of Trs. of Univ. of Alabama, 288 Ala. 20, 24, 256 So.2d 281, 284 (1971) ("Our cases are clear that the operation of a hospital is a 'governmental function,' but even if we should classify the operation of [UAB] Hospital as being a 'business function,' nevertheless, the State could not be sued.").
The only potential wrinkle in the application of § 14 in this instance is the fact that the employment contract between the University of Alabama Health Services Foundation, P.C., and Dr. Castellanos contained an arbitration provision. The Board did not invoke that arbitration provision by joining the other defendants' motion to compel arbitration, but even if it mistakenly had done so, as we noted above in quoting from Alabama Department of Corrections, § 14 immunity for State entities such as the Board is absolute. As that case also observes, such immunity is not an affirmative defense, but a jurisdictional bar. As a result, § 14 immunity is not waivable. Compare C & L Enters., Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma, 532 U.S. 411, 121 S.Ct. 1589, 149 L.Ed.2d 623 (2001) (holding that an Indian tribe had waived tribal immunity-which is waivable-by including an arbitration clause in a commercial contract).
" 'We have held that the circuit court is without jurisdiction to entertain a suit against the State because of Sec. 14 of the Constitution.' " Alabama State Docks Terminal Ry. v. Lyles, 797 So.2d 432, 435 (Ala. 2001) (quoting Aland v. Graham, 287 Ala. 226, 229, 250 So.2d 677, 678 (1971) ). "Without jurisdiction, a court has no power to act and must dismiss the action." Lyles, 797 So.2d at 435.
Based on the foregoing, the circuit court lacked the power to compel the Board to arbitrate Dr. Castellanos's claims against it. Instead, it was incumbent upon the circuit court to grant the Board's motion to dismiss the claims against it, as Dr. Castellanos himself concedes. Accordingly, we grant the petition for a writ of mandamus and direct the circuit court to vacate its order insofar as it compels arbitration with *855 regard to the Board and to dismiss the claims against the Board based on § 14 immunity.
PETITION GRANTED; WRIT ISSUED.
Stuart, C.J., and Bolin, Parker, Shaw, Main, Bryan, and Sellers, JJ., concur.