Rel: August 30, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2024

———————————————

### SC-2024-0210

———————————————

## Ex parte Board of Trustees of The University of Alabama et al.

## PETITION FOR WRIT OF MANDAMUS

## (In re: Dr. William Thompson, D.P.T., Ph.D.

## v.

## University of Alabama at Birmingham et al.)

## (Jefferson Circuit Court: CV-23-903010)

SHAW, Justice.

The Board of Trustees of the University of Alabama ("the Board"), and its employees -- Andrew Eaton, Douglas O'Shields, Felecia Shields, Kandice Green, and Dorothy Jenkins -- who are all defendants below, petition this Court for a writ of mandamus directing the Jefferson Circuit Court to dismiss the action commenced by Dr. William Thompson. We grant the petition and issue the writ.

Facts and Procedural History

In August 2023, Dr. Thompson, an associate professor employed by the University of Alabama at Birmingham ("UAB"), filed a complaint in the Jefferson Circuit Court against "[The] University of Alabama at Birmingham" and eight fictitiously named defendants. Dr. Thompson's claims, which included both negligence-based and breach-of-contract claims, stemmed from the destruction of research materials located on UAB's campus.[1] Dr. Thompson later twice amended his complaint to add both new claims and new parties. Relevant to the present petition, in his first amended complaint, he added, as additional named defendants, the Board and its facilities coordinator, Andrew Eaton. In his second

---

[1]The research materials were stored in certain refrigeration equipment that failed, resulting in the destruction of the materials.

amended complaint, Dr. Thompson substituted UAB's building-services manager, Douglas O'Shields, and the following individual UAB janitorial employees, Felecia Shields, Kandice Green, and Dorothy Jenkins, for fictitiously named defendants.

In response, the Board and the individual defendants jointly moved to dismiss Dr. Thompson's complaint on, among other grounds, their claim that "UAB, as an arm of the State of Alabama, and the [individual defendants], as agents of the State, are all entitled to absolute immunity" pursuant to Article I, § 14, of the Alabama Constitution of 2022.[2] The trial court ultimately denied the motion; the instant petition resulted. Generally, in the petition, the Board and the individual defendants ("the petitioners") argue that they are entitled to have Dr. Thompson's complaint dismissed pursuant to principles of absolute immunity under § 14 and because, they contend, he is not the real party in interest.

---

[2]In their mandamus petition, the Board and the individual defendants assert that "[t]here is no entity with the capacity to be sued named 'University of Alabama at Birmingham.' The proper [d]efendant's name is 'The Board of Trustees of The University of Alabama,' of which [UAB] is an operating division." Petition at 1 n.1. They made similar assertions in their motion to dismiss and in their answer to the second amended complaint.

Following the filing of the petition, this Court, noting that the original complaint appeared to have been filed solely against UAB and numerous fictitiously named defendants, issued a show-cause order to the parties, which stated in pertinent part:

"This Court, having held that Section 14 immunity has been extended to the state's institutions of higher learning and that those institutions are absolutely immune from suit as agencies of the State; Ex parte University of South Alabama, 183 So. 3d 915, 919 (Ala. 2015);

"That, a complaint filed solely against the State or one of its agencies is a nullity and void ab initio; Alabama Dept. of Corrections v. Montgomery Cnty. Comm'n, 11 So. 3d 189, 192 (Ala. 2008);

"That, when an original complaint fails to invoke the subject-matter jurisdiction of the trial court, having named the State or one of its agencies, which are absolutely immune from suit, then the amended complaint, which purported to amend an action that was void ab initio, is a nullity; therefore, no jurisdiction attaches as a result of the purported amendment; Alabama Dept. of Corrections, 11 So. 3d at 192; and Ex parte Alabama Dept. of Transp., 6 So. 3d 1126, 1128 (Ala. 2008); and

"Rule 9(h), Ala. R. Civ. P., stating that '[w]hen a party is ignorant of the name of an opposing party and so alleges in the party's pleading, the opposing party may be designated by any name, and when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name'; see Weaver v. Firestone, 155 So. 3d 952, 963 (Ala. 2013); but

4

"It appearing to this Court that the original complaint named only the University of Alabama at Birmingham and numerous fictitious parties as defendants,

"IT IS ORDERED that the Parties SHOW CAUSE unto this Court … as to why the original case was not void ab initio and due to be dismissed for lack of subject-matter jurisdiction."

(Capitalization in original.)

The parties responded as directed. We find the issue raised in the show-cause order to be determinative, and, thus, we grant the petition and issue the writ.

Standard of Review

"'"[I]f an action is an action against the State within the meaning of [Ala. Const. 1901, Art. I, § 14,] such a case 'presents a question of subject-matter jurisdiction, which cannot be waived or conferred by consent.'"' Ex parte Davis, 930 So. 2d 497, 499-500 (Ala. 2005) (quoting Haley v. Barbour County, 885 So. 2d 783, 788 (Ala. 2004), quoting in turn Patterson v. Gladwin Corp., 835 So. 2d 137, 142-43 (Ala. 2002)). On questions of subject-matter jurisdiction, this Court is not limited by the parties' arguments or by the legal conclusions of the trial and intermediate appellate courts regarding the existence of jurisdiction. … See Ex parte Smith, 438 So. 2d 766, 768 (Ala. 1983) ('Lack of subject-matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject-matter jurisdiction ex mero motu.' (citing City of Huntsville v. Miller, 271 Ala. 687, 688, 127 So. 2d 606, 608 (1958)))."

Ex parte Alabama Dep't of Hum. Res., 999 So. 2d 891, 894-95 (Ala. 2008).

5

See also <u>Thomas v. Merritt</u>, 167 So. 3d 283, 289 (Ala. 2013) ("'[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even <u>ex mero motu</u>.' <u>Nunn v. Baker</u>, 518 So. 2d 711, 712 (Ala. 1987)."). Additionally, we note that "'a lack of subject-matter jurisdiction may be raised at any time, and … the question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus.'" <u>Ex parte Bashinsky</u>, 319 So. 3d 1240, 1252-53 (Ala. 2020) (quoting <u>Ex parte Flint Constr. Co.</u>, 775 So. 2d 805, 808 (Ala. 2000) (plurality opinion)).

<u>Discussion</u>

In response to the Court's show-cause order, Dr. Thompson contended that his prompt addition of named defendants in his first amended complaint and his substitution of named defendants in his second amended complaint in place of fictitiously named defendants included in the original complaint "related back" to his original complaint. According to Dr. Thompson, the inclusion of fictitiously named defendants in his original complaint and the fact that the motion to dismiss was not filed until after he had filed his first and second amended complaints distinguishes this case from the authority included

in the show-cause order. Thus, he essentially maintains that, because of the inclusion of those fictitiously named defendants, in addition to UAB, in his original complaint, the trial court's subject-matter jurisdiction was properly invoked. The petitioners, however, identified further authority for the position that Dr. Thompson's original complaint was void ab initio despite its inclusion of fictitiously named defendants.

Here, as explained above, Dr. Thompson's original complaint named the following "Defendants": the "University of Alabama at Birmingham" and eight separate "Fictitious Defendant[s]" that were subsequently described in paragraphs 3 through 10 of the complaint. However, "§ 14 … provides '[t]hat the State of Alabama shall never be made a defendant in any court of law or equity'" and "affords absolute immunity to both the State and State agencies." Ex parte Alabama Dep't of Hum. Res., 999 So. 2d at 895 (emphasis added). Further, Alabama law is well settled that the State's institutions of higher learning are also entitled to the immunity of § 14. See Sarradett v. University of S. Alabama Med. Ctr., 484 So. 2d 426, 426 (Ala. 1986) ("The immunity from suit provided by this section extends to state universities."). In Ex parte Troy University, 961 So. 2d 105, 109 (Ala. 2006), we explained: "This

7

Court has extended the restriction on suits against the State found in §
14 'to the state's institutions of higher learning' and has held those
institutions absolutely immune from suit as agencies of the State."
(Quoting Taylor v. Troy State Univ., 437 So. 2d 472, 474 (Ala. 1983).) See
also Ex parte Board of Trs. of Univ. of Alabama, 264 So. 3d 850, 854 (Ala.
2018) ("'The Board of Trustees of the University of Alabama' was created
by the State of Alabama. … Our cases have made it abundantly clear
that the Board is entitled to § 14 immunity.").

Here, the sole named defendant included in Dr. Thompson's
original complaint was UAB -- a State institution of higher learning
entitled to absolute immunity:

> "'Absolute immunity' means just that -- the State and its
> agencies are not subject to suit under any theory.
>
> "'This immunity may not be waived.' Patterson [ v.
> Gladwin Corp.], 835 So. 2d [137,] 142 [(Ala. 2002)]. Sovereign
> immunity is, therefore, not an affirmative defense, but a
> 'jurisdictional bar.' Ex parte Alabama Dep't of Transp., 985
> So. 2d 892, 894 (Ala. 2007). The jurisdictional bar of § 14
> simply 'preclud[es] a court from exercising subject-matter
> jurisdiction' over the State or a State agency. Lyons v. River
> Road Constr., Inc., 858 So. 2d 257, 261 (Ala. 2003). Thus, a
> complaint filed solely against the State or one of its agencies
> is a nullity and is void ab initio. Ex parte Alabama Dep't of
> Transp. (In re Russell Petroleum, Inc. v. Alabama Dep't of
> Transp.), 6 So. 3d 1126 (Ala. 2008). … Any action taken by a
> court without subject-matter jurisdiction -- other than

dismissing the action -- is void. <u>State v. Property at 2018 Rainbow Drive</u>, 740 So. 2d 1025, 1029 (Ala. 1999)."

<u>Alabama Dep't of Corr. v. Montgomery Cnty. Comm'n</u>, 11 So. 3d 189, 191-92 (Ala. 2008) (emphasis added). Based on the foregoing, Dr. Thompson's original complaint naming only UAB as a defendant was both void <u>ab initio</u> and failed to trigger the subject-matter jurisdiction of the trial court. <u>Id.</u>

This conclusion is not altered either by Dr. Thompson's identification of fictitiously named defendants in addition to UAB or by his subsequent addition of named defendants or substitution of named defendants for fictitiously named defendants. Specifically, our caselaw establishes that the fatal defect in Dr. Thompson's original complaint was not subject to cure by amendment. In <u>Ex parte Alabama Department of Transportation</u>, 6 So. 3d 1126, 1128 (Ala. 2008), we explicitly held "that the trial court lacked subject-matter jurisdiction to entertain an amendment to the original complaint, which was filed solely against" a State agency, in order "to add the proper party," because the trial court had never obtained subject-matter jurisdiction over the action. See also <u>Alabama Dep't of Corr.</u>, 11 So. 3d at 193 (holding that the original complaint in that case, which named only a State agency, was a "nullity"

9

and that a purported amendment to name a State agent was "also a nullity"); Ex parte Alabama Dep't of Transp., 978 So. 2d 17, 26 (Ala. 2007) (holding, in an action commenced solely against a State agency that was barred by § 14, that "this Court cannot order the trial court to allow [the plaintiff] to amend its complaint because the trial court lacks subject-matter jurisdiction"); and Double B Country Store, LLC v. Alabama Dep't of Transp., 171 So. 3d 28, 31 (Ala. Civ. App. 2015) ("[The plaintiff's] original complaint named only [the Alabama Department of Transportation] as a defendant. Therefore, the complaint failed to invoke the trial court's subject-matter jurisdiction, and the trial court lacked the power to entertain [the plaintiff's] amended complaint."). Thus, Dr. Thompson could not amend his void original complaint to add other named defendants -- even with the ostensible approval of the trial court -- because his void original complaint never invoked the trial court's jurisdiction.

For the same reason, we are likewise unpersuaded that Dr. Thompson's substitution of named defendants for fictitiously named defendants in his original complaint prevented the original complaint from being deemed a nullity under Alabama law; because the trial court

did not obtain jurisdiction upon the filing of Dr. Thompson's original complaint, which failed to commence a valid action, it accordingly lacked jurisdiction to allow Dr. Thompson to later substitute named defendants for fictitiously named defendants identified in the original complaint. See Ex parte Hare, Wynn, Newell & Newton, LLP, [Ms. SC-2023-0908, May 24, 2024] ___ So. 3d ___, ___ (Ala. 2024) ("[U]nless the trial court had subject-matter jurisdiction when it entered its order granting the [plaintiffs'] request to add [parties] as defendants to their action, that order -- along with any subsequent order entered or action taken by the trial court -- was a nullity and must be set aside."). Cf. Maclin v. Congo, 106 So. 3d 405, 408 (Ala. Civ. App. 2012) ("Proceedings instituted against an individual who is deceased at the time the action is filed are a nullity and do not invoke the trial court's jurisdiction. … The [plaintiffs'] action against [a deceased individual] was therefore void ab initio. … The trial court had no jurisdiction to entertain an amendment of the complaint or any further motions or pleadings …." (emphasis added)). In fact, authority suggests that "filing an unservable complaint with only fictitiously named defendants does not, under our precedents, commence an action." Weaver v. Firestone, 155 So. 3d 952, 963 (Ala. 2013). That

11

is, essentially, what occurred in this case. Accordingly, Dr. Thompson could not amend his original complaint, and the only action the trial court could have taken was to dismiss it.

<u>Conclusion</u>

Dr. Thompson commenced an action identifying UAB as the only defendant. UAB is a State institution of higher learning and is absolutely immune from suit under § 14. Therefore, the original complaint did not invoke the jurisdiction of the trial court, and it could not be amended to otherwise add or substitute additional named defendants. We thus grant the petition for a writ of mandamus and hereby direct the trial court to dismiss the action.

PETITION GRANTED; WRIT ISSUED.

Parker, C.J., and Wise, Bryan, Sellers, Mendheim, Stewart, Mitchell, and Cook, JJ., concur.