Rel: December 13, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

### CL-2024-0619

_____

**State of Alabama**

**v.**

**Thomas Craig Hadley**

_____

### CL-2024-0620

_____

**Huey "Hoss" Mack, as sheriff of Baldwin County**

**v.**

**Thomas Craig Hadley**

**Appeals from Baldwin Circuit Court**
**(CV-23-901119)**

LEWIS, Judge.

In appeal number CL-2024-0619, the State of Alabama appeals from a judgment entered by the Baldwin Circuit Court ("the trial court") in favor of Thomas Craig Hadley. In appeal number CL-2024-0620, Huey "Hoss" Mack, as sheriff of Baldwin County ("Mack"), appeals from that same judgment. We dismiss appeal number CL-2024-0619 with instructions to the trial court to vacate its void judgment as to the State of Alabama. With respect to appeal number CL-2024-0620, the judgment as to Mack is reversed, and the cause is remanded.

<u>Procedural History</u>

On September 6, 2023, Hadley filed in the trial court an emergency ex parte motion for a temporary restraining order preventing the seizure of his Chevrolet Camaro automobile ("the automobile") and to quash a search warrant. Hadley listed as defendants the State of Alabama, Mack, and Robert E. Wilters, Jr., as the Baldwin District Attorney ("Wilters"). That same day, the trial court granted the temporary restraining order and enjoined the defendants from seizing the automobile. Hadley also

filed a motion for sanctions against Mack. On September 7, 2023, Mack filed a motion to vacate the order granting the ex parte motion.

Also on September 7, 2023, Hadley filed an amended emergency ex parte motion for a temporary restraining order and to quash a search warrant. In the amended motion, Hadley requested, pursuant to Rule 3.13, Ala. R. Crim. P., a return of the automobile that had been seized. Hadley alleged that the seizure was unlawful and in violation of his rights to due process. On September 8, 2023, the trial court granted Hadley's request for the return of the automobile. The trial court stated:

> "...Hadley has a claim of title on the subject vehicle and thus he is entitled to lawfully possess the subject vehicle until a Circuit Court rules otherwise.
>
> "State of Alabama is ORDERED [to] restore ... Hadley with the property they seized by extra-judicial action."

(Capitalization in original.) The trial court denied the motion for sanctions in a separate order that same day. The trial court also granted the request to vacate the September 6, 2023, order. The trial court stated that the case was dismissed without prejudice. The trial court further entered an order stating that the request for a temporary restraining order was moot. Finally, the trial court entered an order stating:

3

"Today's Order dismissing this matter is hereby amended as follows:

"The TRO is dismissed, and this matter will be placed on the administrative docket, as the Court desires to retain jurisdiction over this matter until the State of Alabama restores the property to … Hadley."

On September 14, 2023, Wilters and Mack filed a motion to alter, amend, or vacate the orders entered on September 8, 2023. Mack also filed a brief in support of that motion.

On November 14, 2023, the trial court entered an order stating:

"This case began approximately 20 years ago, when a 1968 Camaro sports car was reported stolen out of the State of Kansas.

"On April 25, 2016, … Hadley … purchased a 1968 Camaro sports car …. He registered this vehicle with the Baldwin County Probate Office, and each year thereafter he purchased a current tag for that vehicle. The Camaro was purchased from Addison Godwin, who owned it for approximately 4-5 years, and testimony indicated he registered it and purchased yearly tags from the Baldwin County Probate Office as well.

"In early September 2023, an investigation was initiated by the Alabama Department of Revenue and agents appeared at the residence of ... Hadley to inspect the vehicle that he was registering. There was testimony that those agents were told that certain parts of the vehicle had been replaced during the pr[e]ceding 12 years including, but not limited to: the engine, positive traction rear end, springs and shocks, tires and wheels, clutch, shifter, water pumps, headers, fuel line and pump and other items. All of these upgrades and / or restoration items had been purchased by either ... Hadley or

4

Mr. Addison[] and were not part of the original vehicle ... stolen or otherwise. ... Hadley claimed ownership of the vehicle and would not voluntarily allow the Alabama Department of Revenue to seize the vehicle on that date.

"On September 5, 2023, a Baldwin County Sheriff's Deputy arrived at ... Hadley's residence, and requested him to voluntarily surrender the vehicle, as it had been reported stolen out of Kansas. The Deputy did not have a search warrant, and ... Hadley again made claim of legal ownership of the vehicle and informed them that without a warrant he would not be handing over his rightfully purchased vehicle. He again explained that he purchased the vehicle for market value, had put certain money and upgrades into it, and that he had been registering it with the Baldwin County Probate Office yearly. As such he would not be surrendering the vehicle without a warrant.

"The Deputy left the scene and secured a search warrant, but before he could seize the vehicle, it was moved to another location. ... Hadley's son, a local attorney, had taken possession of the vehicle and secured it across the street, in his garage. At some point, he informed the investigating officer and/or the Baldwin County District Attorney's Office that he had possession of the vehicle, and he would keep it secure until they could sort the matter out in court. As an officer of the court, Mr. Hadley's intention was to discuss this with the Deputy or to pursue his father's legal options, but in any event[,] he would not dispose of the vehicle. This was not acceptable to either the Baldwin County Sheriff's Office nor the Baldwin County District Attorney's Office, because another warrant was secured for his residence.

"Sometime thereafter, this Court was presented with a Temporary Restraining Order attempting to enjoin the Baldwin County Sheriff's Office from seizing the vehicle. This Court signed an Order stopping the seizure, but the Deputy with possession of the vehicle had previously called the

5

original owner of a 1968 Cam[a]ro from Kansas, told him to come to Baldwin County to retrieve same, and delivered ... Hadley's car to him within 20 minutes of seizure. At which time, he immediately departed back to Kansas with ... Hadley's vehicle.

"The Court notes that at the time the TRO was filed the subject vehicle was in Baldwin County, and the fact that the Sheriff's Office delivered it to a 3rd party, within 20 minutes of seizure, does not deny this Court from In Rem Jurisdiction. When the TRO was filed in Circuit Court this Court had both the jurisdictional authority to adjudicate the class of cases to which the case belongs and jurisdictional authority over the property which is the subject matter of the complaint. There was no clear testimony that the subject vehicle was outside the jurisdictional limits of Baldwin County when the Court signed the Order stopping the seizure.

"Furthermore, there was testimony that upon learning of the Order stopping the seizure the Baldwin County Sheriff's Office did nothing to retrieve or recover the vehicle from the gentleman from Kansas and there was testimony that they never contacted him to this date.

"On September 7, 2023[,] ... Hadley filed a Motion for Return of Unlawfully Seized Property, and the Court set that motion for a hearing. After all parties had the opportunity to present testimony and evidence the Court ruled in favor of ... Hadley[] and Ordered the State of Alabama to restore the vehicle to … Hadley.

"The Court was intentionally vague on that Order, as the matter was emotionally charged[,] and the Court tried to give the State of Alabama the opportunity to return the vehicle without further fanfare.

"Thereafter, all parties moved for the Court to Alter, Amend or Vacate that Order. The Court set that matter for a hearing

6

on October 30, 2023, and after further arguments of the parties this Court Vacates that Order and alters it as follows:

"By agreement of the parties, … Wilters … is hereby dismissed. This is with prejudice, each party to bear their own costs.

"This Court finds that the subject 1968 Camaro was illegally seized by the Baldwin County Sheriff's Office. Each and every Baldwin County Sheriff Deputy testified that they were not investigating a crime. They never considered … Hadley under criminal investigation, and they had no intention of making an arrest in this case. Their sole purpose for attaining both search warrants was to return the vehicle to the alleged original owner from Kansas. This information was never given specifically to the judges who signed the warrants, according to the testimony.

"As such, it was illegal to use the criminal process to help facilitate a civil remedy.

"This Court has repeatedly opined during the course of these hearings that the proper course of action should have been for the gentleman from Kansas to file a Declaratory Judgment Action in the Circuit Court of Baldwin County. This would allow both parties the right and opportunity to due process. They would be allowed to call witnesses, testify and present evidence as to their claim of ownership to the vehicle. The Court could take that evidence and decide the rightful owner of the vehicle, and to deny this civil remedy to … Hadley denies him of his right to property without a hearing.

"Procuring a search warrant to side step a Circuit Court Judge was thus improper and illegal.

"This Court makes no specific finding as to whether the vehicle in question is the one stolen from Kansas some 20 years ago. This issue should be decided in the proper venue,

7

at the appropriate time, with sworn testimony from those claiming ownership. As such the Court does not address whether ... Hadley could or could not possess an altered vehicle. The original owner never testified as to the VIN of his stolen car, and he never testified that this vehicle was altered and was his. The Court was not provided sufficient testimony, first hand, that this vehicle was in fact altered at all from its origins.

"As an ancillary matter, the Court finds that the State of Alabama was represented by the Assistant District Attorney who appeared in court. The initial hearing was called quickly[,] and the attorneys never entered a formal, written notice of appearance. That said, Assistant District Attorneys regularly appear in Circuit Court on criminal cases with no formal notice of appearance. And the fact that this Assistant defend[ed] the State of Alabama on the return of illegally seized property was an indication that unless stated otherwise, that Assistant was there on behalf of the State. Thus[,] the State of Alabama waived service, and was properly represented. The fact that the Assistant, at a subsequent hearing, informed the Court that the only client was the Baldwin County District Attorney's Office doesn't affect the original representation or waiver of service.

"Based on the preceding, the Baldwin County Sheriff's Office and the State of Alabama are Ordered to restore ... Hadley with the illegally seized vehicle within 43 days from the date of this Order. The Baldwin County Sheriff's Office and the State of Alabama will share the cost of retrieving the vehicle.

"All issues not specifically addressed herein are hereby Denied. This shall be construed as a Final Order on this matter."

All three remaining parties filed postjudgment motions, which were denied by the trial court on November 21, 2023. The State and

8

Mack filed separate notices of appeal to the Alabama Supreme Court on December 1, 2023. On July 19, 2024, the Alabama Supreme Court transferred the appeal to this court.

Discussion

Appeal Number CL-2024-0619

On appeal, the State first argues that it is absolutely immune from suit.

> "It is well established that the State and its agencies have absolute immunity from <u>suit</u>, not simply immunity from certain <u>claims</u>. That is the plain meaning of [Article 1,] § 14[, Ala. Const. 2022] ('the State of Alabama shall never be made a defendant in any court'). See also <u>Mitchell v. Davis</u>, 598 So. 2d 801, 806 (Ala. 1992) ('The State and its agencies have absolute immunity from suit in any court under [§ 14].'). Thus, the exceptions [to State immunity] are relevant only as they relate to claims against State officials in their official capacities, not as they relate to the State agency or the State itself. For actions against the State or one of its agencies, there are no exceptions …."

<u>Alabama Dep't of Corr. v. Montgomery Cnty. Comm'n</u>, 11 So. 3d 189, 194 (Ala. 2008). Because Hadley purported to sue the State, a violation of Article 1, § 14, Ala. Const. 2022, the only action the trial court could have taken was to dismiss the State as a defendant. <u>See</u> <u>id.</u> at 192 ("Any action taken by a court without subject-matter jurisdiction -- other than dismissing the action -- is void."). Therefore, to the extent that the trial

9

court purported to enter a judgment against the State, its judgment is void. See id. at 194. Therefore, we dismiss appeal number CL-2024-0619 and instruct the trial court to vacate its judgment with respect to the State.[1]

## Appeal Number CL-2024-0620

On appeal, Mack, like the State, argues, among other things, that the suit against him was barred by State immunity under § 14. Moreover, Mack argues that the trial court lacked jurisdiction to order a state official to perform actions outside of the State of Alabama. It appears that Hadley sought to sue Mack in his official capacity as sheriff. Indeed, "'a suit for injunctive relief against a State official in his or her individual capacity would be meaningless. This is so because State officials act for and represent the State only in their official capacities.'" Ex parte Moulton, 116 So. 3d 1119, 1141 (Ala. 2013) (quoting Ex parte Dickson, 46 So. 3d 468, 474 (Ala. 2010)).

Although §14 bars certain actions against sheriffs as constitutional officers of the state, because Hadley sought injunctive relief against Mack

---

[1]Because the issue of State immunity under Article 1, § 14, Ala. Const. 2022, is dispositive, we pretermit discussion of the State's remaining arguments.

10

in his official capacity and alleged that Mack had unlawfully seized the automobile, the action was not prohibited under §14. See Alabama State Univ. v. Danley, 212 So. 3d 112, 123 (Ala. 2016). Therefore, we proceed to address Mack's arguments with respect to the merits of the judgment.

Hadley's motion for a return of the automobile was filed pursuant to Rule 3.13, Ala. R. Crim. P.,[2] which provides in part:

> "A person aggrieved by an unlawful search and seizure may move the court for the return of the property seized on the ground that he or she is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be restored. If a motion of return of property is made or comes on for hearing after an indictment or information is filed, it shall be treated also as a motion to suppress evidence."

(Emphasis added.) Mack argues that the trial court improperly ruled in Hadley's favor without finding that Hadley was entitled to lawful possession of the automobile. "As the federal courts have explained in applying the analogous federal rule, to succeed in obtaining a return of property under the rule, the movant must prove not only that the seizure of the property was illegal but also that the movant is entitled to 'lawful

---

[2]A party may file a Rule 3.13 motion, outside of the context of a criminal case, as an independent action. See State v. Greenetrack, Inc., 154 So. 3d 940, 950-51 (Ala. 2014).

possession' of the property." State v. Greenetrack, Inc., 154 So. 3d 940, 953 (Ala. 2014).

In the trial court's judgment, it specifically declined to find "whether the vehicle in question is the one stolen from Kansas some 20 years ago." The trial court noted that that "issue should be decided in the proper venue, at the appropriate time, with sworn testimony from those claiming ownership." The trial court further stated that it would not "address whether ... Hadley could or could not possess an altered vehicle." It stated that "[t]he original owner never testified as to the VIN of his stolen car, and he never testified that this vehicle was altered and was his [ and that t]he Court was not provided sufficient testimony, first hand, that this vehicle was in fact altered at all from its origins." Based on the express language of the judgment, it is clear that the trial court did not make a finding of whether Hadley was entitled to lawful possession of the automobile. Therefore, the trial court erred in directing Mack to return the automobile to Hadley, and the trial court's judgment

12

with respect to Mack is reversed, and the cause is remanded.[3]  See Greenetrack, 154 So. 3d at 953.

CL-2024-0619 -- APPEAL DISMISSED WITH INSTRUCTIONS.

CL-2024-0620 -- REVERSED AND REMANDED.

Moore, P.J., and Edwards, Hanson, and Fridy, JJ., concur.

---

[3]Because the judgment's noncompliance with Rule 3.13 is dispositive, we pretermit discussion of Mack's remaining arguments.